**Amarpreet Singh VIRK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74691.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

MEMORANDUM **

Amarpreet Singh Virk, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's adverse credibility determination for substantial evidence, *see Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and we review the IJ's determination that the petitioner is not entitled to asylum for abuse of discretion, *see Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004). We grant the petition for review and remand for further proceedings.

Substantial evidence does not support the IJ's adverse credibility finding because it is based on speculation and conjecture. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004). For example, the IJ speculated about whether Indian authorities would have arrested Virk under the circumstances he described, *see Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir.2004), and whether the authorities would have known Virk left for the United States. The IJ's adverse credibility finding also improperly rested on Virk's failure to mention in his asylum application that he received medical treatment following his release from police custody, *see Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000), and Virk's perceived motives for not filing an asylum application when he first entered the United States as a non-immigrant student, *see Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir.2004). Because all of the IJ's reasons for finding Virk not credible fail, and the IJ identified no other "weaknesses" in Virk's case, the IJ erred in requiring corroborative evidence. *See Kaur*, 379 F.3d at 890.

Further, the IJ improperly denied Virk's asylum claim as a matter of discretion based, at least in part, on the unsupported adverse credibility determination. *See Kalubi*, 364 F.3d at 1135, 1138–39 ("If an applicant's testimony on an issue is found credible for purposes of determining whether he is eligible for asylum, he cannot be found incredible on the same issue for purposes of determining whether he is entitled to asylum.").

We grant the petition for review and remand for the BIA to consider whether, taking Virk's testimony as true, he has shown eligibility for asylum, withholding of removal and protection under CAT. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED**